## DANIEL G. PERRY *vs.* SAMUEL W. RICHARDSON.

Replevin does not lie for property attached on a writ served upon the plaintiff, although he is misdescribed therein and has pleaded in abatement thereof; and cannot be supported by evidence that he did not make the contract therein declared on.

REPLEVIN of a horse. At the trial in the court of common pleas before *Perkins,* J., it appeared that the defendant as deputy sheriff attached the horse on a writ sued out against Daniel Perry, Jr., J. P. Knights and Daniel Perry, and served upon the plaintiff by the name of Daniel Perry of Cambridge, and upon the other defendants therein named; and that to that writ the plaintiff had pleaded in abatement that he was a resident of Stoneham, and the other defendants had answered on the merits.

Upon these facts the defendants contended that this action could not be maintained, because the horse was held under attachment in an action to which the present plaintiff was a defendant; and the court so ruled.

The court had previously rejected evidence, offered by the plaintiff, that the cause of that action was a promissory note signed " D. Perry, Jr., J. P. Knights, Daniel Perry," and that the first and third names were written by Daniel Perry, the plaintiff's son, and were both the names of the same person.

A verdict was returned for the defendant, and the plaintiff alleged exceptions.

*A. V. Lynde,* for the plaintiff.

*C. R. Train,* for the defendant.

BIGELOW, J. The property replevied was attached on mesne process against the plaintiff in this suit, and that process was served upon him, and was still pending when this replevin was brought. The Rev. Sts. *c.* 113, § 27, expressly confines the right to maintain replevin for goods attached on mesne process, or taken on execution, to " any person other than the defendant in the suit in which they are so taken or attached." This action therefore was prematurely commenced.

*Exceptions overruled.*